| | | | |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | | **KENOSHA** |
| Safet Deari vs. Client Services, Inc. | | **Electronic Filing Notice** | |

FILED
03-19-2021
Clerk of Circuit Court
Kenosha County
2021CV000237
Honorable Anthony
Milisauskas
Branch 4

Case No. 2021CV000237
Class Code: Money Judgment

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
SAINT CHARLES MO 63301

Case number 2021CV000237 was electronically filed with/converted by the Kenosha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 334807**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-653-2664.

Kenosha County Circuit Court
Date: March 19, 2021


EXHIBIT B

GF-180(CCAP), 11/2020 Electronic Filing Notice  This form shall not be modified. It may be supplemented with additional material. §801.18(5)(d), Wisconsin Statutes

Case 2:21-cv-00559-NJ   Filed 04/30/21   Page 1 of 16   Document 1-2

FILED
03-19-2021
Clerk of Circuit Court
Kenosha County
2021CV000237
Honorable Anthony
Milisauskas
Branch 4

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT**<br>**CIVIL DIVISION** | **KENOSHA COUNTY** |

| | |
|---|---|
| SAFET DEARI,<br>3111 Market Lane, Apt. 1109<br>Kenosha, WI 53144,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CLIENT SERVICES INC.,<br>3451 Harry S. Truman Blvd,<br>St. Charles, MO 63301,<br><br>　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>Case No.:_____<br>Classification Code: 30301<br><br>**Jury Trial Demanded**<br><br>Amount claimed is greater than the amount under Wis. Stat. § 799.01(1)(d). |

COMES NOW Plaintiff Safet Deari, by his Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Kenosha County is proper because the claim arose in Kenosha County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Kenosha County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## PARTIES

3. Plaintiff Safet Deari is an individual who resides in Kenosha County.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. 421.301(17), in that their alleged debt arose from an agreement, or series of agreements, to defer payment.

6. Defendant Client Services, Inc. ("CSI") is a foreign business corporation with its principal offices located at 3451 Harry S. Truman Blvd, St. Charles, Missouri 63301.

7. CSI does substantial business in Wisconsin and maintains a registered agent for service of process in Wisconsin at Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

8. CSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. CSI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. CSI is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11. On or about May 20, 2020, Plaintiff received a debt collection letter from CSI regarding an alleged debt owed to "Citibank, N.A." A copy of this letter is attached to this complaint as Exhibit A.

12. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family or household purposes.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, with the information specific to Plaintiff inserted by computer, used by Defendant to attempt to collect alleged debts.

14. Exhibit A includes the following representation:

> CURRENT CREDITOR: Citibank, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXXX6708
> ACCOUNT BALANCE: $6,601.74
> MINIMUM PAYMENT DUE: $1,027.74

15. Exhibit A further states:

As of the date of this letter, the account balance is $6,601.74. If on the date you make a payment, the account balance is greater because of interest or other charges, our office will honor the above settlement offer if received in our office by the above due date.

16. Exhibit A is confusing to the unsophisticated consumer. It is unclear whether CSI is collecting the entire $6,601.74 associated with the "ACCOUNT BALANCE" or just the $1,027.74 associated with the "MINIMUM PAYMENT DUE."

17. It is not unusual for banks to hire a debt collector to collect only the "past due" amount, i.e. missed payments and fees, of a credit card balance rather than the whole balance. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)." Whichever number Defendant is truly collecting, it need only state that amount in the letter.

18. The different amounts on Exhibit A render Exhibit A confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, which amount CSI was actually attempting to collect.

3

19. Plaintiff was confused and misled by Exhibit A.

20. The unsophisticated consumer would be confused and misled by Exhibit A.

21. Plaintiff had to spend time and money investigating Exhibit A and the possible consequences of responding to Exhibit A.

### *The FDCPA*

22. Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

23. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

24. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(2)(a) specifically prohibits the misrepresentation of "the character, amount, or legal status" of an alleged debt."

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

28. 15 U.S.C. § 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

29. To satisfy § 1692g(a)(2), a debt collector must state the name of the creditor in a non-confusing manner:

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

### *The WCA*

30. Recognizing existing laws did not protect consumers in a manner consistent with the continuation of a realistic credit economy, the Wisconsin legislature enacted the Wisconsin Consumer Act to protect consumers against unfair, deceptive, and unconscionable business practices, and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2); Thomas D. Crandall, "The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After," 1973 Wis. L. Rev. 334, 334-35 (1973).

31. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

32. In addition to specifically regulating certain kinds of conduct, such as the amounts and types of additional fees that may be charged to consumers in consumer credit transactions, the WCA broadly provides that the rights and protections it affords are inalienable, prohibits unconscionable conduct, and imposes an obligation of good faith in the performance and enforcement of all consumer transactions. Wis. Stat. §§ 421.106(1), 421.108, 425.107. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

33. To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all consumers who suffer similar injuries. Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under

this section that there exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

34.  The private cause of action is essential to deterring violations and furthering the the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act. The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

35.  Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

36.  Wis. Stat. § 421.108 requires that every consumer transaction under the WCA "imposes an obligation of good faith in its performance or enforcement," including "honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

37.  Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

38.  Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

7

39. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

41. By listing both "ACCOUNT BALANCE" as well as a "MINIMUM PAYMENT DUE," without specifying which amount CSI is demanding, Exhibit A includes representations which are false, deceptive, and misleading as to the amount, character, and legal status of Plaintiff's alleged debt.

42. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## COUNT II - WCA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. By listing both "ACCOUNT BALANCE" as well as a "MINIMUM PAYMENT DUE," without specifying which amount CSI is demanding, Exhibit A could be expected to be threatening and harassing to Plaintiff and seeks to collect an amount in excess of the amount permitted by law.

45. Defendant thereby violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of a class consisting of: (a) all natural persons in the state of Wisconsin, (b) to whom CSI mailed a collection letter in the form of Exhibit A to

8

the Complaint in this Action, (c) from March 19, 2020 through the present, and (d) not returned by the postal service.

47. The class is so numerous that joinder is impracticable.

48. Upon information and belief, there are more than 50 members of the class.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

50. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

    (a)    actual damages;

    (b)    statutory damages;

    (c)    injunctive relief;

    (d)    attorneys' fees, litigation expenses and costs of suit; and

    (e)    such other or further relief as the Court deems proper.

Dated: March 19, 2021

**ADEMI LLP**

By:　*Electronically signed by Mark A. Eldridge*
　　　John D. Blythin (SBN 1046105)
　　　Mark A. Eldridge (SBN 1089944)
　　　Jesse Fruchter (SBN 1097673)
　　　Ben J. Slatky (SBN 1106892)
　　　3620 East Layton Avenue
　　　Cudahy, WI 53110
　　　(414) 482-8000
　　　(414) 482-8001 (fax)
　　　jblythin@ademilaw.com
　　　meldridge@ademilaw.com
　　　jfruchter@ademilaw.com
　　　bslatky@ademilaw.com



FILED
03-19-2021
Clerk of Circuit Court
Kenosha County
2021CV000237
Honorable Anthony Milisauskas
Branch 4

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX6708
ACCOUNT BALANCE: $6,601.74
MINIMUM PAYMENT DUE: $1,027.74
REFERENCE NUMBER: 31554024

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 8am-Noon
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 5/20/2020

## SETTLEMENT OFFER

We are offering you a settlement amount of $3,962.00, to settle this Sears Mastercard® account for less than the account balance. This offer is valid until 6/9/2020. If payment of the offered settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer.

As of the date of this letter, the account balance is $6,601.74. If on the date you make a payment, the account balance is greater because of interest or other charges, our office will honor the above settlement offer if received in our office by the above due date.

We look forward to working with you in resolving this matter.

Michael Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| Send your payment in the enclosed envelope using the remittance coupon below. | Online: www.csiconsumercenter.com |
|---|---|
| Pay-by-Phone: 1-877-552-5905 | Contact our office at 877-288-0504 for payment options, which may be available to you. |

PO Box 1503
Saint Peters, MO 63376

REFERENCE NUMBER: 024 (31554024)
AMOUNT ENCLOSED:



Checks Payable To:
Citibank, N.A.

**REMIT TO:**

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376



SAFET DEARI
3111 MARKET LN APT 1109
KENOSHA WI 53144-3467



### CALIFORNIA
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

### COLORADO
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

### KANSAS
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

### MASSACHUSETTS
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

### MINNESOTA
This collection agency is licensed by the Minnesota Department of Commerce.

### NEW YORK
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

### NEW YORK CITY
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

### NORTH CAROLINA
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

### TENNESSEE
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

| STATE OF WISCONSIN | CIRCUIT COURT | KENOSHA COUNTY | For Official Use |
|---|---|---|---|
| Safet Deari<br>Plaintiff(s)<br><br>vs.<br><br>Client Services, Inc.<br>Defendant(s) | | CONFERENCE ORDER AND NOTICE OF SCHEDULING CONFERENCE<br><br><br>Case No. 2021CV 000237<br>Judge Anthony Milisauskas | **FILED**<br><br>MAR 19 2021<br><br>REBECCA MATOSKA-MENTINK<br>CLERK OF CIRCUIT COURT |

**This case is scheduled for:** Scheduling Conference pursuant to Sec. 802.10(3) Stats.

**DATE:** Thursday, July 22nd, 2021

**TIME:** 10:30 AM

**COURT OFFICIAL:** Anthony Milisauskas

**LOCATION:** Room: 117 Kenosha County Courthouse
912 56th Street, Kenosha, WI 53140

**THE COURT ORDERS:**
1. The plaintiff shall serve this notice upon all defendants to this action and provide proof of service to the court. Any party in this case who causes another party to be joined shall serve this notice upon the joined party and provide proof of service to the court.

**2. All plaintiffs and defendants named in this case shall appear either in person OR by attorney of record; unless otherwise authorized by the court.**

3. Any party who fails to comply with this order may have the court enter an order pursuant to Sec. 805.03 and 804.12, Stats. which may include a finding of contempt of court and entry of a default judgment against the offending party.

4. If you intend to challenge the allegations by the plaintiff in the complaint, you must file a written Answer within the number of days specified on the summons. If you do not file such an Answer you do not have to appear at the above date and time.

Dated : **March 19, 2021**

☒ **JUDGE ANTHONY MILISAUSKAS**
Circuit Court Judge, Branch 4

FILED
04-29-2021
Clerk of Circuit Court
Kenosha County
2021CV000237

STATE OF WISCONSIN        CIRCUIT COURT        KENOSHA COUNTY

SAFET DEARI,

        Plaintiff,

v.                                                                                          Case No. 2021CV237

CLIENT SERVICES INC.,

        Defendant.

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Kevin M. Fetherston of von Briesen & Roper, s.c. hereby appears as counsel on behalf of defendant, Client Services Inc., and demands that copies of all papers and pleadings subsequent to this Notice, as well as notice of all proceedings herein, be served at his offices at the address listed below.

Dated this 29th day of April, 2021.

                                          von BRIESEN & ROPER, s.c.
                                          Attorneys for Defendant,
                                          Client Services Inc.

                                          By:   *Electronically signed by Kevin M. Fetherston*
                                                        Kevin M. Fetherston, SBN 1084716

P.O. ADDRESS:
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
(414) 221-6635 Phone
(414) 249-2623 Fax
kfetherston@vonbriesen.com

36318525_1

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☒ Milwaukee Division

## I. (a) PLAINTIFFS
Safet Deari

**(b)** County of Residence of First Listed Plaintiff **Kenosha**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark A. Eldridge, ADEMI LLP
3620 E. Layton Avenue, Cudahy, WI 53110
(414) 482-8000

### DEFENDANTS
Client Services Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Terry E. Johnson, von Briesen & Roper, s.c.
411 E. Wisconsin Avenue, Milwaukee, WI 53202
(414) 221-6605

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 Fair Debt Collection Practices Act

Brief description of cause: Consumer claims that debt collection letters violated the Federal Debt Collection Practices Act and Wisconsin Consumer Act.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/30/2021
SIGNATURE OF ATTORNEY OF RECORD
s/ Terry E. Johnson

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Case 2:21-cv-00559-NJ   Filed 04/30/21   Page 16 of 16   Document 1-2